IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel, and DONNA MARIE KOZAK, Accuser(s), as Principal, proxy for the David Lee and Bernita Margaret Kleensang, | ) ) ) ) ) ) | 8:12CV327 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| LAURIE SMITH CAMP, Accused, and ANY UNKNOWN OTHERS, Accused, | ) ) ) ) | |
| Defendants. | ) | |

  This matter is before the court on its own motion. The above-captioned matter has been provisionally filed on September 11, 2012. (Filing No. 1.) However, due to certain technical defects, the Complaint cannot be further processed until such defects are corrected. To assure further consideration of the Complaint, Plaintiffs must correct the defect listed below. **FAILURE TO CORRECT THE DEFECT MAY RESULT IN DISMISSAL OF THE COMPLAINT.**

  Plaintiffs have failed to include the $350.00 filing fee. Plaintiffs have the choice of either tendering the $350.00 fee to the Clerk of the court or submitting a request to proceed in forma pauperis and an affidavit of poverty in support thereof. If Plaintiffs choose to do the latter, the enclosed pauper's forms should be completed and returned to this court. **Each Plaintiff must submit a request to proceed in forma pauperis and an affidavit of poverty in support thereof.**

  The plaintiffs seem to be arguing, in this case and previous cases, that they are not required to pay a filing fee because they are filing a "criminal complaint," not a

civil action. But a private individual may not institute a criminal prosecution. *Mallard v. United States Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 305 n.5 (1989); *see also Norman v. Campbell*, 87 Fed. Appx. 582, 584-85 (7th Cir. 2003); *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009). Contrary to what the plaintiffs contend, no court has "converted" their "criminal complaints" into civil filings–the courts have simply invited the plaintiffs to proceed in the only way available, because a private "criminal complaint" is not cognizable. The statute cited by the plaintiffs, 18 U.S.C. § 4, does not provide standing–it requires citizens to report federal felonies, but it defines a criminal offense and does not provide a private cause of action. *Pankey v. Webster*, 816 F.Supp. 553, 559 (W.D. Mo. 1993); *see also United States ex rel. Farmer v. Kaufman*, 750 F. Supp. 106, 108-09 (S.D.N.Y. 1990); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985). In short, there is only one form of action available to the plaintiffs–the civil action–and it requires a filing fee or motion to proceed in forma pauperis. *See* Fed. R. Civ. P. 2; 28 U.S.C. §§ 1914 and 1915.

In addition, the court notes that Plaintiffs have filed similar complaints in this court. (*See, e.g.,* Case No. 8:12CV179, Filing No. 1; Case No. 8:12CV181, Filing No. 1.) However, Plaintiffs did not submit the filing fee, or motions to proceed in forma pauperis. (Case No. 8:12CV179 (Docket Sheet); Case No. 8:12CV181 (Docket Sheet).) In light of this, the court will not accept any further new cases from Plaintiffs, or their representatives, unless accompanied by the full filing fee or motions to proceed in forma pauperis by each Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiffs are directed to correct the above-listed technical defect in the Complaint on or before October 19, 2012.

2. Failure to comply with this Memorandum and Order will result in dismissal of this matter without further notice.

3. The Clerk of the court is directed to send to **each** Plaintiff the Form AO240, Application to Proceed Without Prepayment of Fees and Affidavit.

4. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: October 19, 2012: deadline for payment or filing of IFP application.

5. In the event Plaintiffs or their representatives seek to file any additional case in this court, the proposed complaint *must* be accompanied by the full filing fee or motions to proceed in forma pauperis by each Plaintiff. If Plaintiffs do not comply with this Memorandum and Order, the court will return the proposed complaint to Plaintiffs without filing.

DATED this 19th day of September, 2012.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.